IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YVONNE ALEXANDER, etc., )
)
        Plaintiff, )
)
v. ) No. 05 C 550
)
PHILLIPS INTERIORS INC., etc., )
et al., )
)
        Defendants. )

## MEMORANDUM ORDER

Both defendants--Phillips Interiors Inc. and Barry Phillips--to this action, which asserts both federal and state law claims against them, have filed their joint Answer and Affirmative Defenses ("ADs") to the Complaint brought by Yvonne Alexander "on behalf of herself and all other plaintiffs known and unknown." This memorandum order is issued sua sponte because of some problematic aspects of the ADs.

Even apart from the standards prescribed for ADs by Fed. R. Civ. P. ("Rule") 8(c) and the applicable caselaw (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), all ADs must of course conform to the general demands of the notice pleading regime that operates in the federal courts. It therefore will not do for an AD to be framed in the purely hypothetical form set out in ADs 1, 2 and 3 (which speak in terms of what "may not be" or what "may be"). If defendants or their counsel hereafter become aware that any claims advanced by the Complaint are in fact subject to any of

the defects referred to in those ADs, it will be time enough to advance them as express assertions--but in that event the ADs will have to explain their bases, rather than simply reciting such general and nonexplanatory labels as "statutes of limitations" or "estoppel." In the meantime ADs 1 through 3 are stricken, but without prejudice as suggested by the preceding sentence.

Next AD 4 advances a "good faith" defense. But that assertion is impermissible as an AD, because it conflicts with the Complaint's allegations of wilful violations in Count I ¶9 and Count II ¶10--again see App. ¶5 to <u>State Farm</u>. So AD 4 is stricken as well.

Finally AD 5, which challenges the applicability of Rule 23, will remain in place. In that respect, however, the parties are expected to focus their early discovery primarily on that subject, so that it may be resolved as soon as is practicable.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 5, 2005

2